

In the United States District Court
Northern District of Illinois
Eastern Division

**FILED**
APR 17 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 17 2008

UNITED STATES OF AMERICA
    Plaintiff,

Case No: 99 CR 43

v.

Judge William T. Hibbler

Bernard J. O'Hallaren, III
    Defendant,

08cv2203
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

### MOTION TO VACATE SENTENCE

Bernard J. O'Hallaren, III, Defendant, appears ProSe before this Court, as counsel of record refuses to do so, and respectfully moves this Court to vacate the sentence it imposed on January 14, 2008. In support of his motion the defendant presents as follows.

### BACKGROUND

In May of 2000, the defendant was sentenced in the United States District Court for the Northern District of Illinois, Eastern Division, by the Honorable George W. Lindberg, to a term of 96 months imprisonment followed by three years of supervised release. The defendant was released from custody to begin his supervised release on July 24, 2006. A Special Report requesting that the defendant's term of supervion be revoked was filed by the United States Office of Probation and Parole on September 5, 2006. On February 20, 2007 Judge Linberg sentenced the defendant to 14 months imprisonment on counts 1& 2 of the original indictment to be served consecutively for a total term of incarceration of 28 months with no supervision to follow. The defendant filed his timely notice of appeal

1

## STATEMENT OF ISSUES

On October 2, 2007, the United States Court of Appeals for the Seventh Circuit, *affirmed* the defendant's appeal, *vacated* the judgement and remanded the case for further proceedings. It was in that opinion vacating the judgement the Circuit Court noted that the defendant's admission to the violations contained in the Special Report were for the "purposes of the defendant's "agreement" with the government only" See: **United States v. O'Hallaren**, fn. 1, 07-1559 (CA7 2007). It is evident by the Circuit Court's opinion that the admissions were subject to the defendant's "agreement" and had no validity beyond that "agreement". The "agreement" was identified by Judge Lindberg in his opinion, *which was vacated*, and the "agreement" was extensively discussed during the oral argument held before the Seventh CircuitCourt of Appeals on September 15, 2007.

The defendant asserts that had it not been for the "agreement" between the defendant and the government, negotiated by the defendant's counsel, Mr. Thomas A. Durkin and Mr. Anthony W. Hill, in concert with the Assistant United States Attorney, Mr. Edward G. Kohler, he *would not* have admitted the violations contained in the Special Report of the United States Probation office of September 5, 2006, instead opting to exercise his right to a Revocation Hearing as provided for in F.R.C.P. Rule 32.1, and a full hearing and disclosure of the allegations against him.

There were several terms set by the government contained in it's "agreement" with the defendant, including but not limited to…the Special Report containing the violations would be held in abeyance, that the defendant was to participate in a 90 day in-patient substance abuse

2

treatment program at Cornel Interventions, followed by 120 days of community confinement at the Salvation Army in Chicago. Terms of this agreement were very specific and placed on the record clearly by assistant United States attorney Kohler. If the defendant in any way violated the terms of his agreement, "the government's position would not be so lenient. The original violation would come back and any additional new criminal conduct would be adressed as well" See: **Transcript of Proceeding, February 14, 2007**. Mr. Kohler went on to discribe the numerous ways the defendant "might" violate the terms of the agreement and was extremely specific, on the record, what was expected of the defendant.

In further support of the defendants claim is the undeniable fact that at no time during the proceedings on February 14th , did Judge Lindberg enter into the record a finding of a **"FACTUAL BASIS"** for counsels admission either in open court or in his "opinion" of February 20, 2007. Rule 11(f) F.R.C.P., forbids a court to enter judgement upon a "plea of guilty" without assuring that there is **"a factual basis"** for the plea. See: *Libretti v. United States,* 516 U.S. 29 (1995). As a matter of fact, at no time whatsoever did Judge Lindberg mention the conduct alleged in the Special Report, or inerestingly enough, anything that pertained to the alleged five violations specifically as reported by the United States Probation Officer during any of the numerous hearings between November 27, 2006, and February 20, 2007.

The transcript of the proceeding from February 14, 2007, before Judge Lindberg reflects the issue on appeal regarding the denial of the defendant's right to allocution pursuant to rule 32.1 (b)(2)(e), F.R.C.P. The defendant now draws the attention of this Court to note that the record also clearly demonstrates that the admission was asked for almost as an afterthought by Judge Lindberg before he took a recess and that the only mention by Judge Lindberg to Mr. Durkin after he made the admission was, "Ok, I'll be right back." There was no further

3

discussion on the record, or anywhere else as to the admission or how it was obtained, if there was a *basis of fact* for the defendants plea of guilty to the violation, or anything that would support finding that the defendant had made an knowledgable admission. There was never an entry into the record that the Court had made a "finding of fact" and that was another in a series of fatal errors on the sentencing Court's part that negates the defendant's admission of February 14, 2007.

When the defendant apppeared before this Court on January 11th & 14th, of 2008, the Court moved directly to a sentencing. There was never any mention by the Court or the government regarding whether the defendant was again admitting the violations contained in the Special Report from September 5, 2006. The Seventh Circuit Court of Appeals clearly states the circumstances of the defendant's admission on February 14, 2007, and clearly takes notice of the purpose for it. The Court should have again asked if the defendant was admitting the violations, and then entered into the record the required finding of **"a factual basis"** regarding that plea, pursuant to Rule 11(f), F.R.C.P., as it did so purposfully on March 26, 2008, but it did not do so. In essense, this Court sentenced the defendant lwithout an admission for an offense, having not inquired as to the defendant's position regarding the September 5th, 2006, Special Report or the violations contained therein.

## CONCLUSION

The defendant moves that this Court **GRANT** his motion and **VACATE** the sentence it entered on January 14, 2008, on its own motion. The Court erred by not ascertaining whether or not the defendant admitted the violation and then enter a finding of *"a factual basis"* for his plea. The Court agsin erred by failing to take notice of the Seventh Circuit's opinion stating that

4

the admission of the defendant was soly for the purpose of his "agreement" with the government on February 14, 2007, and that he would not have admitted the to the violation otherwise. The defendant moves this Court to schedule further proceedings relating to the Special Report of September 5, 2006, at its earliest convenience and **FURTHER ORDER** that the defendant be **IMMEDIATELY RELEASED** from custody until that hearing can commence.

Respectfully submitted this 8th day of April, 2008,

Bernard J. O'Hallaren, III
Defendant, ProSe
Ozaukee County Jail (USM Hold)
P.O. Box 245
Port Washington, WI 53074

In the United States District Court
Northern District of Illinois
Eastern Division

United States of America
　　　　Plaitiff,

v.

　　　　　　　　　　　　　　　　　　　　　Case No.: 99 CR 43

　　　　　　　　　　　　　　　　　　　　　Judge William T. Hibbler

Bernard J. O' Hallaren, III
　　　　Defendant,

### CERTIFICATE OF SERVICE

Bernard J. O'Hallaren, III, defendant Prose, hereby certifies that he has served a copy of the attached MOTION TO VACATE, by placing same in the Inmate Legal Mail recepticle at the Ozaukee County Jail, postage paid, to the following:

Edward G. Kohler
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Il 60604

This 8th day of April, 2008.

Respectfully submitted,

Bernard J. O'Hallaren, III
Defendant Prose
Ozaukee County Jail (USM Hold)
P.O. Box 245
Port Washington, WI 53074-0245