IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FILED

JUN 3 0 2008

6-30-2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,
                      Plaintiff,

v.

Bernard J. O'Hallaren,III
                      Defendant.

Case no. 99-CR-43

Wm. Hibbler
Judge .

08cv2203

MOTION FOR DEFAULT JUDGEMENT

Bernard J. O'Hallaren,III, Defendant, pro-se, appears and move this honorable court to grant default judgement persuant to the rules of civil procedure, Rule 55 (b)(2) and(d). In support of this motion the defendant presents as follows.

BACKGROUND

In May 2000, the defendant was sentenced by the United States District Court for the Northern district of Illinois, Eastern Division, by the Honorable George W. Lindberg to a term of 96 months in prison and three years supervised release. The defendant was released from custody to beging his supervision on July 24, 2006. A special report requesting that the defendants term of supervised release be revoked was filed by the United States office of probation and parole on September 6, 2006. On February 20, 2007, Judge Lindberg sentenced the defendant to 14 months imprisonment on count 1 & 2 of the indictment to be served consecutively, for a total term of incarceration of 28 months, with no supervision to follow. The defendant filed a timely notice of appeal.

On October 2, 2007 the United States Court of appeals for the seventh circuit affirmed the defendants appeal, vacated the judgement of Judge Lindberg, and remanded the case for further proceedings. The case was reassigned to Judge William T. Hibbler and proceedings commenced on January 11, 2008.

On April 8, 2008, the defendant filed with the court his motion to vacate the judgement and sentence imposed on January 14,2008.

On June 4th, 2008, The Honorable William J. Hibbler Issued a docket entry giving the government until the 20th of June, 2008 to respond and the government has failed to do so.

## STATEMENT OF ISSUE

The defendant basis this "Motion for Default Judgement" on the federal rules of civil procedure, Rule 55(b)(2) and Rule 55(d). These rules apply to the accuser and the accused with equal force. The defendant would bring to the courts attention the swiftness with which the sysytem worked against him when he stood accused of violating the terms of his supervised release. (See docket entry #116 and notice the fact that a bench warrant was issued for the accused within 24 hours of the accusation).

The defendant hopes that in the interest of equity and the principal of fair dealing that the court grant this motion for default judgement (now that the government is in default) with the same swiftness with which it applied the law when the petitioner was accused of failing to meet his obligations.

## CONCLUSION

Based upon the foregoing, the defendant moves this court to grant his "Motion for Default Judgement" based on the governments total and complete failure to respond in a timely manner.

Respectfully submitted this $\partial\zeta^{H\ell}$ day of June , 2008.

Bernard J. O'Hallaren,III   #10349-424
Defendant, pro-se
Federal Correctional Institute
PO Box 1000
Oxford, WI
        53952

CERTIFICATE OF SERVICE

I, _Bernard J. O'Hallaurn_ hereby certify under penalty of perjury that a true and correct copy of the _Motion For Default Judgment_ has been delivered to the below listed parties, by placing the motion in a postage paid envelope and mailing said envelope via United states mail this _25th_ day of _June_ 2008, to:

Edward Kottler
Assistant U.S. Attorney
219 S Dearborn St
Chicago, Il 60604

DATE- _25 June 2008_